171 N.J. Super. 100 (1979)
407 A.2d 1285
RONALD AND JOAN DELUCA, HIS WIFE; RICHARD AND JUDY BANDLOW, HIS WIFE; JOSEPH CARLIS; DONALD D'AGOSTINO; GEORGE AND ALICE DEROSA, HIS WIFE; THOMAS AND MARGARET D'EUSTACHIO, HIS WIFE; BRUCE FRANKS; FRANK AND URSULA GUILIANO, HIS WIFE; DONALD AND JOANNE HANNON, HIS WIFE; DAVID IWANICHI; TIBOR LORINCZ; DAVID AND MARILYN LYNCH, HIS WIFE; ROBERT AND JOAN LYONS, HIS WIFE; EDWARD AND BARBARA MANKOVICH, HIS WIFE; WILLIAM AND DEBRA MCDOWELL, HIS WIFE; EUGENE AND MARIANNE MICHALSKI, HIS WIFE; JOHN AND RENEE NAYLOR, HIS WIFE; JOHN AND MARIA PATSAROS, HIS WIFE; M. JOAN PEARSON; ROBERT AND MARGARET STURM, HIS WIFE; WILLIAM TOCK; FRANK TOTH, SR.; JACK WINKELSPECHT; TED AND DALE WOMPEIRSKI, HIS WIFE, PLAINTIFFS,
v.
KAHR BROTHERS, INC.; RICHARD KAHR, INDIVIDUALLY; ROBERT KAHR, INDIVIDUALLY; IRONGATE ASSOCIATES; EDGEWATER PROPERTIES CO.; ORCHARD ESTATES; HENRY CARPENTER, INDIVIDUALLY; TOWN & COUNTRY REALTY, INC.; STANLEY SLOVIN, INDIVIDUALLY; THE TOWNSHIP COMMITTEE OF EDGEWATER PARK; THE PLANNING BOARD OF EDGEWATER PARK; THE ZONING BOARD OF ADJUSTMENT OF EDGEWATER PARK; JOHN H. SHOEN, INDIVIDUALLY; THE STATE OF NEW JERSEY, DEPARTMENT OF COMMUNITY AFFAIRS, BUREAU OF CONSTRUCTION CODE ENFORCEMENT; RICHARD VOGEL, INDIVIDUALLY; RALPH DEVINO, INDIVIDUALLY; CONGRESS TITLE CO., JOINTLY, SEVERALLY AND INDIVIDUALLY, DEFENDANTS,
v.
BERNARD P. WOJTKOWIAK, THIRD-PARTY DEFENDANT.
Superior Court of New Jersey, Law Division Burlington County.
Decided October 22, 1979.
*103 Mr. William J. O'Byrne for plaintiffs.
Mr. John A. Miller for defendants Kahr Brothers, Inc., Irongate Associates, Edgewater Properties and Orchard Estates, and third-party plaintiff Kahr Brothers, Inc. (Messrs. Archer, Greiner & Read, attorneys).
Mr. Harold T. Parker for plaintiffs' insurance company (Messrs. Parker, McCay & Criscuolo, attorneys).
Mr. Ronald E. Bookbinder for defendant Edgewater Park Zoning Board of Adjustment (Messrs. Bookbinder, Colagouri and Bookbinder, attorneys).
Mr. George Ciervo for defendants Stanley Slovin and Town & County Realty (Messrs. Ciervo & Strozyk-Ciervo, attorneys).
Mr. Maurice Denbo for defendant Planning Board of Edgewater Park.
*104 Mr. George H. Hulse for defendant John H. Shoen (Messrs. Hulse & Hulse, attorneys).
Ms. Karen Ruth Larson for defendant State of New Jersey, Department of Community Affairs, Bureau of Construction Code Enforcement (Mr. John J. Degnan, Attorney General, attorney).
Mr. Alvin D. Miller for defendant Congress Title Co.
Mr. John A. Sweeney for defendant Edgewater Park Township Committee (Messrs. Dietz, Allen & Sweeney, attorneys).
Mr. Jack J. DeSalvo for defendant Edgewater Park Township's insurance company (Mr. Joseph J. Buttafuoco, attorney).
HAINES, J.S.C.
Thirty-nine plaintiffs in this case have sued 17 defendants. Among those named as defendants are the Township Committee of the Township of Edgewater Park, the township's planning board, its zoning board and its construction official. Plaintiffs are purchasers of homes in a development known as "Orchard Estates," situate in the township. They complain of defective construction and seek damages as well as injunctive relief for the failure of the municipal officials to enforce the township's building code and soil conservation plan when issuing certificates of occupancy and in other respects. Crossclaims and counterclaims have blossomed but none pits the municipal interest or officials against each other.
The township committee, faced with the direct and indirect employment of counsel to represent not only its own interests but also those of the planning board, zoning board and construction official, requests directions as to whether or not all of these defendants may be represented by the same attorney. The *105 concern of the township in making that arrangement is obvious: in the final analysis, the fees and expenses of all counsel must be paid from municipal funds. It is also of interest to the court that duplicate representation be avoided; litigation then proceeds with the greatest efficiency.
At the outset it must be recognized that each of the defendant entities involved in the pending motion is autonomous. Once appointed by the township governing body, the planning board and zoning board operate independently. N.J.S.A. 40:55D-20 provides: "Any power expressly authorized by this act to be exercised by (1) planning board or (2) board of adjustment shall not be exercised by any other body, except as otherwise provided in this act."
Each body hires its own attorney, N.J.S.A. 40A:9-139, 40:55D-24 and 71; each adopts its own rules, N.J.S.A. 40:55D-8. Consequently, the township committee may not deny separate representation to the boards if they insist upon it. However, nothing prevents their cooperation in the employment of a single counsel subject to rules regarding conflicts of interest and ethical rules applying to attorneys. It is these rules which concern the township committee and prompt its request for directions.
It is common practice for courts to consider problems involving conflicts of interest in which attorneys are involved, In re Lanza, 65 N.J. 347 (1974); State v. Land, 73 N.J. 24 (1977); Clark v. Corliss, 98 N.J. Super. 323 (App.Div. 1967), including such problems involving them as public officers, Reilly v. Ozzard, 33 N.J. 529 (1960); Schear v. Elizabeth, 41 N.J. 321 (1964). While ethical considerations applying to attorneys are necessarily involved, there is no preemption of jurisdiction by the New Jersey Supreme Court Advisory Committee on Professional Ethics. R. 1:19-2 provides that that committee "shall not consider an inquiry involving a pending action where its opinion might affect the interests of the parties...." N.J.Const. (1947), Art. VI, § II, par. 3, provides that "[t]he Supreme Court shall *106 have jurisdiction over the admission to the practice of law and the discipline of persons admitted." That provision is implemented by R. 1:20 which sets forth procedural rules governing the discipline of attorneys. This is not a disciplinary proceeding. Indeed, directions are sought to avoid such a proceeding. Consequently, jurisdiction is not affected by the Constitution or the rule. I conclude that I may decide the question.
Our Disciplinary Rules provide:
(A) A lawyer shall decline proffered employment if the exercise of his independent professional judgment in behalf of a client will be or is likely to be adversely affected by the acceptance of the proffered employment, except to the extent permitted under DR 5-105(C).
(B) A lawyer shall not continue multiple employment if the exercise of his independent professional judgment in behalf of a client will be or is likely to be adversely affected by his representation of another client, except to the extent permitted under DR 5-105(C).
(C) In situations covered by DR 5-105(A) and (B) except as prohibited by rule, opinion, directive or statute, a lawyer may represent multiple client if he believes that he can adequately represent the interests of each and if each consents to the representation after full disclosure of the facts and of the possible effect of such representation on the exercise of his independent professional judgment on behalf of each. DR 5-105.
Thus, we have express approval for the representation of several parties in one suit subject to the conditions set forth. The difficulties faced by an attorney undertaking such representation are illustrated by Matter of Chase, 68 N.J. 392 (1975). The rule is more strict when a public interest is involved. In that case the attorney may not represent conflicting interests even with the consent of all concerned. Ahto v. Weaver, 39 N.J. 418, 431 (1963); Schear v. Elizabeth, supra 41 N.J. at 329.
Disciplinary rules applied to New Jersey attorneys have been read as requiring that each municipal body be represented by independent counsel. Opinions of the New Jersey Supreme Court Advisory Committee on Professional Ethics, No. 67, 88 N.J.L.J. 81 (1965); No. 91, 89 N.J.L.J. 248 (1966); No. 117, 90 *107 N.J.L.J. 745 (1967); No. 127, 91 N.J.L.J. 262 (1968). However, it is reasonable to construe this requirement as relating to general representation during which obvious conflicts could arise from time to time. See Opinion No. 117, supra. There is no necessity for that restriction with reference to a specific item of litigation not expected to involve conflicts of interest.
I conclude that one attorney may represent the township committee, its planning board, zoning board and construction official, provided (1) they consent, (2) there is full disclosure as required by DR 5-105(C), the requirements for which are set forth in Matter of Lanza, 65 N.J. 347, 352 (1974), and (3) there are, in fact, no conflicts of interest involved in this litigation as to these defendants.
The construction official is a principal target of the plaintiff. He is the person who issued the certificates of occupancy which the plaintiffs claim were issued in disregard of law. If he is found liable, defendant township may or may not pay the judgment and his expenses. N.J.S.A. 59:10-4. That decision may turn on the question of how he performed the duties of his office. There may be differences on matters of responsibility among him and the two boards or the township committee. Potential conflicts are obvious. He must have separate representation.
As to the township committee, planning board and zoning board, however, there is an identity of interest in this litigation. None participated in the actual issuance of the certificates of occupancy. The planning board is the only agency involved with the soil conservation plan. All may be immune from liability under the New Jersey Tort Claim Act, N.J.S.A. 59:1-1 et seq. If suit is predicated upon the Federal Civil Rights Act, 42 U.S.C.A. § 1983, as counsel asserts it will be, the question of liability may turn on whether the action complained of is judicial, legislative or executive. If legislative, the only liability is that of the township, and it is then liable only on proof of an unlawful policy or custom. Monell v. New York, 436 U.S. 658, *108 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); T & M Homes v. Mansfield, 162 N.J. Super. 497 (Law Div. 1978). If the action is judicial or quasi-judicial, there would appear to be total immunity from liability. Pierson v. Ray, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967); Centennial v. Medford, 165 N.J. Super. 220 (Law Div. 1979). It is only in the event the action is executive that liability may be fixed upon the municipal defendants. Butz v. Economou, 438 U.S. 478, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1978); Scheuer v. Rhodes, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). If executive action by any municipal body is involved, it could have been taken only by the governing body or planning board and there is no indication that such action will result in any conflicts between them. At the present time, it seems doubtful that the zoning board has any potential liability of any kind. The planning board which approved subdivision plans for the development in question may or may not have a responsibility. However, if it is liable, financial responsibility must be imposed ultimately upon the township which must raise monies through its governing body and the process of taxation. It is clear, on the basis of present information, that the three township bodies have mutual interests in denying and defending the claims of the plaintiffs and cross complainants. They have no grievances against each other. Their interest is a common one, their defenses identical. They must band together to protect their common pocketbook. Consequently, I find that there would be no conflict of interest in having a single attorney represent all three bodies, on condition that the requirements of DR 5-105 are satisfied.
I conclude with one caveat: it is always possible that a conflict among the municipal bodies will arise in the future. In such event, any attorney selected to represent more than one township entity may not continue to represent any of these parties; there must be complete withdrawal from the litigation. Clark v. Corliss, supra, 98 N.J. Super. at 327. It is necessary that *109 this circumstance, involving the possibility of future complications and expenses, be explained fully to the committee, the planning board and the zoning board.