IN THE MATTER OF OPINION NO. 415, NEW JERSEY
SUPREME COURT ADVISORY COMMITTEE ON
PROFESSIONAL ETHICS.

Argued September 11, 1979—Decided November 16, 1979.

Mr. *George F. Kugler, Jr.,* argued the cause for appellant New Jersey Association of County Counsel (*Messrs. Archer, Greiner* and *Read,* attorneys).

Ms. *Erminie L. Conley,* Assistant Attorney General, argued the cause for respondent Committee (*Mr. John J. Degnan,* Attorney General of New Jersey, attorney).

The opinion of the court was delivered by

SCHREIBER, J.

The Supreme Court's Advisory Committee on Professional Ethics issued *Opinion* 415 in response to an inquiry about the propriety of an office association or partnership between counsel for a municipality and counsel for a county. The New Jersey Association of County Counsel (Association), whose members include county counsel and assistant county counsel, sought to review that opinion. *R.* 1:19–8. We granted the petition and heard oral argument.

*Opinion* 415 reads as follows:

Office Relationships

Municipal Counsel, County Counsel

We are asked about the propriety of an office association or partnership between counsel for a municipality and counsel for a county, or county board or commission of the county in which that municipality is located. It is suggested that there will be no impropriety if one of the parties withdraws from matters involving both such clients.

Our opinion is that an association, partnership or other office-sharing arrangement between such attorneys is both unwise and improper. Disqualification of one attorney where the subject matter involves both clients will not remove the impropriety where the clients are the public. See our *Opinion* 390, 101 *N.J.L.J.* 183 (1978), *Opinion* 359, 99 *N.J.L.J.* 1153 (1976).

This Committee has issued many opinions on the ethical concerns affecting the representation of two or more public bodies by the same attorney or by partners or associates of the same firm.

We have consistently held that where there is or may be a conflict of interest in a particular situation the same attorney or his associates or partners should not undertake to represent two public bodies. *Opinion* 337, 99 *N.J.L.J.* 588 (1976), *Opinion* 199, 94 *N.J.L.J.* 225 (1971), and, where the conflict arises, that both attorneys must disqualify themselves—a consequence that ill serves the public. *Opinion* 300, 98 *N.J.L.J.* 126 (1975), *Opinion* 59, 87 *N.J.L.J.* 741 (1964), and compare *Opinion* 44, 87 *N.J.L.J.* 297 (1964). Where we have found the potential for conflict between two public bodies or boards to be inherent in their duties we have held that an attorney or his partners or associates should not undertake to represent both of them. *Opinion* 164, 92 *N.J.L.J.* 831 (1969), *Opinion* 149, 92 *N.J.L.J.* 185 (1969), and compare *Opinion* 39, 87 *N.J.L.J.* 191 (1964).

Attorneys representing public bodies are the legal representatives of the general public; the county attorneys as respects the interests of the public of a county; see *Opinion* 106, 90 *N.J.L.J.* 97 (1967), *Opinion* 168, 93 *N.J.L.J.* 7 (1970), and municipal counsel as respects the citizens of that municipality. *Opinion* 4, 86 *N.J.L.J.* 357 (1963). The governing principle applied to inquiries in this area is that counsel for the public must conduct themselves and their practice so as to avoid the appearance of impropriety. *Opinion* 359, 99 *N.J.L.J.* 1153 (1976), *Opinion* 268, 96 *N.J.L.J.* 1325 (1973), *Opinion* 204, 94 *N.J.L.J.* 445 (1971), and see *Opinion* 390, above.

While in this inquiry it is not clear that the functions of a municipal attorney and of an attorney for the county or of one of its agencies necessarily involve an inherent potential for conflict, we resolve the question by applying the rule that the appearance of impropriety must be avoided. The association or partnership of a county attorney and a municipal attorney of the same county could easily suggest to the public mind that in dealing with matters between municipality and county their respective attorneys may not bring the same objectivity to the problems as would be the case where each practiced law independently. The public may infer that because of their professional relationship these attorneys

may be less vigorous in advocating their respective positions than would be the case were they from different law firms. As we noted above, it is no answer to say that where the interests of their respective clients are in conflict each will withdraw, because that not only increases the cost of legal services to the public, but also deprives the public client of representation by the attorney first selected by it. A client is entitled to counsel's independent professional judgment exercised objectively. *DR 5–105.* So, when an attorney's public or professional relationship may raise questions about his ability to function in that manner, the conflicting relationship should be avoided. *Opinion* 390, above. Compare *Opinion* 261, 96 *N.J.L.J.* 1150 (1973), and *Opinion* 33, 87 *N.J.L.J.* 249 (1964).

For the foregoing reasons it is our view that these inquirers should not form an office association or partnership.

The Association has presented for our consideration the issue of the propriety of continuing legal representation of a county and a municipality located within that county by attorneys, whether partners or associates, from the same law firm. The Association has treated the matter as though one attorney represented both the municipality and the county. It is correct in implicitly recognizing that partners or office associates must be considered as one attorney when discussing conflicts of interest. Furthermore, the Association's inquiry is directed to attorneys who represent a municipality and the county in which it is located, as distinct from that municipality's or county's boards or commissions. Accordingly, we do not address the situation in which a municipal or county attorney, his partner or associate represents a county or municipal board or commission.[1]

The Association does not dispute the impermissibility of an attorney representing two governmental clients with conflicting interests in the same subject matter. Nor does it question that

---

[1]We note that *Opinion* 415 also considers and decides that counsel for a county board or commission may not act as counsel for a municipality within the county. We are not approving that part of the Opinion and believe such cases should be decided after presentation of a more complete factual description of the responsibilities of the boards or commissions involved.

counsel must withdraw when representation of one governmental body in a particular litigation or matter conflicts with an interest or position of the other. The Association does quarrel with that portion of *Opinion* 415 foreclosing an attorney from representing both the county and the municipality. It argues that the appearance of impropriety, the conceptual basis of the *Opinion,* is in many instances too ephemeral and remote to warrant blanket prohibitions of joint representation. We do not agree.

■ We have frequently adverted to the principle that an attorney should avoid even the appearance of impropriety which may arise when he acts as an adversary against a former or existing client. *In re Cipriano,* 68 *N.J.* 398 (1975). *Cf. DR* 9–101 (lawyer should avoid even the appearance of impropriety). "To maintain public confidence in the bar it is necessary that the appearance of, as well as actual, wrongdoing be avoided." *In re Cipriano,* 68 *N.J.* at 403. In *State v. Rizzo,* 69 *N.J.* 28, 30 (1975), we referred to the principle in this language:

> However, a lawyer must avoid even the appearance of impropriety, DR9–101, to the end that the image of disinterested justice is not impoverished or tainted. Thus it is that sometimes an attorney, guiltless in any actual sense, nevertheless is required to stand aside for the sake of public confidence in the probity of the administration of justice.

See also *Higgins v. Advisory Committee on Professional Ethics,* 73 *N.J.* 123 (1977); *State v. Galati,* 64 *N.J.* 572, 576 (1974).

■ The appearance doctrine is intended to instill public confidence in the integrity of the legal profession. Kaufman, "The Former Government Attorney and the Canons of Professional Ethics," 70 *Harv.L.Rev.* 657, 668 (1957). A lawyer who has been requested to represent "multiple clients having potentially differing interests" must "weigh carefully the possibility that his judgment may be impaired or his loyalty divided if he

accepts or continues the employment." *ABA Code Of Professional Responsibility, EC* 5–15. To achieve "the objectives toward which every member of the professional should strive," Preamble, *ABA Code of Professional Responsibility*, the attorney "should resolve all doubts against the propriety of the representation." *ABA Code of Professional Responsibility, EC* 5–15.

 When representation of public bodies is involved, the appearance of impropriety assumes an added dimension. Positions of public trust call for even more circumspect conduct.[2] *R. Wise, Legal Ethics* at 258 (2d ed. 1970). Public exposure of attorneys holding public positions accentuates this need. The public has become alert and sensitive to the impropriety of conflicts of interest. In response to this increasing awareness, the Legislature has proscribed representation of possible conflicting interests by its members. See *N.J.S.A.* 52:13D–12 *et seq.* The findings of that act recite that "[p]ublic officials must avoid conduct . . . which creates a justifiable impression among the public that such trust is being violated." *N.J.S.A.* 52:13D–12(a). Preservation of public confidence in the bar calls for no less.

 Attorneys who serve as counsel for governmental bodies must avoid not only direct conflicts of interests, but any situation which might appear to involve a conflict of interest. American Bar Association Committee on Professional Ethics,

[2] Executive Order No. 11222, 30 *Fed.Reg.* 6469 (1965), reprinted in 18 *U.S.C.A.* § 201 at 274–275, issued by President Lyndon Johnson, May 8, 1965, directed that federal employees should avoid any actions "which might result in, or create the appearance of . . . affecting adversely the confidence of the public in the integrity of the Government."

*Opinions,* No. 49 (1931).[3] Whether an appearance of impropriety exists is not to be determined in a vacuum. As Justice Sullivan pointed out in *Higgins,* "[i]t must have some reasonable basis" and "must be something more than a fanciful possibility." 73 *N.J.* at 129. We must view the conduct as an informed and concerned private citizen and judge whether the reputation of the Bar would be lowered if the conduct were permitted. From this perspective we find continued joint representation to be unacceptable. There are too many situations in which the interests of counties and their municipalities may conflict.

Counties and municipalities frequently negotiate contracts and transact business with one another. See *N.J.S.A.* 40:9C–1 (public transportation services); *N.J.S.A.* 40:12–9 (operations of recreational facilities); *N.J.S.A.* 40:13–1 (public health services); *N.J.S.A.* 40:14–16 and 40:23–42 (alleviation of flood conditions); *N.J.S.A.* 40:23–14 (public improvements); *N.J.S.A.* 40:23–19 (sewage disposal); *N.J.S.A.* 40:30–21 (drainage projects); *N.J. S.A.* 40:48–18 (public improvements); *N.J.S.A.* 40:56–17 (local improvements); *N.J.S.A.* 40:56–48, 50 and *N.J.S.A.* 40:67–25 (road improvements); *N.J.S.A.* 40A:11–10 (purchase of materials and supplies); *N.J.S.* 40A:12–9, 10, 16, 20, 25 (sale of county or municipal property and construction and operations of buildings). The assignments of various functions to county and municipal governments "invite a clash of the obligations each unit of government owes to its respective citizens." *McDonough v. Roach,* 35 *N.J.* 153, 159 (1961).

---

[3] In furtherance of that policy we have held that an assistant county prosecutor "should not appear in any criminal matter in any capacity against the State in the county in which he served for a period of six months from the date of termination of his public employment" even though the attorney may have played no part in or had any responsibility over the investigation or prosecution. *In re Advisory Opinion 361,* 77 *N.J.* 199, 206 (1978). *Cf. Higgins v. Advisory Committee on Professional Ethics,* 73 *N.J.* 123 (1977) (attorney-member of the board of chosen freeholders may not ethically represent a criminal defendant in the county the attorney holds office).

Litigation frequently arises between municipalities and counties. We recently adjudicated a municipality's claim against a county for reimbursement of expenses incurred to quell a riot. *Newark v. Essex Cty.*, 80 *N.J.* 143 (1979). Suits arising out of automobile accidents on highways have involved a county and a municipality as codefendants with adverse interests. See, *e. g.*, *Manca v. Hopatcong Borough*, 157 *N.J.Super.* 67 (App.Div.1978), certif. den. 77 *N.J.* 480 (1978); *Johnson v. Southampton Tp.*, 157 *N.J.Super.* 518 (App.Div.1978), certif. den. 77 *N.J.* 485 (1978); *Meta v. Cherry Hill Tp.*, 152 *N.J.Super.* 228 (App.Div.1977), certif. den. 75 *N.J.* 587 (1977). One need only examine the Table of Cases in the *West Digest System* for a listing of the sizable number of reported decisions where both the county and a municipality situated therein have been parties.

■ A municipal attorney has a duty to further that municipality's public interest, whereas county counsel is bound to advance the public interest of the county. As we have observed, these interests may frequently be antagonistic. Given the public interest, full disclosure or consent cannot dissipate the appearance of that conflict. *Cf.* ABA Committee on Ethics and Professional Responsibility, *Opinions*, No. 296 (1959) (law firm cannot accept representation before legislative committee while a member is serving in the legislature, even if full disclosure is made); *H. Drinker, Legal Ethics* 120 (1953).

■ We are satisfied that the interests of a municipality and its surrounding county may with some reasonable degree of probability conflict. We have no hesitancy in holding that because of the probability of such actual conflict, the appearance of impropriety is more than "a fanciful possibility." *Higgins v. Advisory Committee on Professional Ethics*, 73 *N.J.* at 129.

An attorney, his partner or associate may not be counsel to a municipality and to the county in which it is located.

*For affirmance*—Chief Justice WILENTZ and Justices SULLIVAN, PASHMAN, CLIFFORD, SCHREIBER, HANDLER and POLLOCK—7.

*For reversal*—None.