IN RE OPINION 452 OF THE ADVISORY COMMITTEE ON PROFESSIONAL ETHICS.

Argued February 10, 1981—Decided July 9, 1981.

46

*Edwin W. Schmierer* argued the cause for appellants Mason, Griffin & Pierson (*Mason, Griffin & Pierson*, attorneys; *Mr. Schmierer* and *Ralph S. Mason, III*, on the brief).

*Michael B. Kirschner* argued the cause for appellants Magee, Kirschner & Graham (*Magee, Kirschner & Graham*, attorneys).

*Erminie L. Conley,* Assistant Attorney General, argued the cause for the Advisory Committee on Professional Ethics *(John J. Degnan,* Attorney General of New Jersey, attorney).

The opinion of the Court was delivered by

POLLOCK, J.

The issue in this case is whether an attorney may hold the position of municipal prosecutor while his partner holds the position of planning board attorney in the same municipality.

The Advisory Committee on Professional Ethics held in *Opinion 452* "that it would be improper for a municipal prosecutor to be the partner of the attorney for the planning board in the same municipality." We granted motions to review *Opinion 452.* 85 *N.J.* 134 (1980). We now affirm that opinion because the challenged dual office holding creates an appearance of impropriety and a potential for conflict. Our decision necessarily concludes that the same attorney may not serve as both municipal attorney and planning board attorney. *See DR* 5–105(D); *R.* 1:15–4.

Opinion 452 reads:

Municipal Prosecutor Partner of Municipal Planning Board Attorney
Conflict of Interest

Inquiry has been made whether an attorney may hold the position of municipal prosecutor at the same time that his partner holds the position of planning board attorney in the same municipality. This Committee has issued many opinions on the ethical concerns affecting the representation of two or more public bodies by the same attorney or by partners or associates.

"The disciplinary rules (DR5–105D), our prior opinions (e. g. Opinions 182 and 277) and the Rules of the Court (R. 1:15–4) clearly express the holding that if an attorney himself is required to decline employment because of a potential or actual conflict, then no partner or associate of his may accept or continue such employment." Opinion 366, 100 N.J.L.J. 290 (1977). Thus a lawyer may not do what his partner may not do. See Opinion 78, 88 N.J.L.J. 460 (1965). We have consistently held that where there is *or may be* a conflict of interest in a particular situation, the same attorney or his associates or partners should not undertake to represent two public bodies. Opinion 415, 103 N.J.L.J. 38 (1979). In similar circumstances we have held dual representation to be improper. For instance, in Opinion 366, supra we held that it would be improper for a municipal prosecutor to be the partner of an attorney for the zoning board of adjustment.

Similarly, in Opinion 67, 88 N.J.L.J. 81 (1965), we held that a municipal attorney cannot serve as attorney for any board or agency of the same municipality if there is or may be a conflict of interest in a particular situation. We reaffirmed that holding in Opinion 117, 90 N.J.L.J. 745 (1967), where a municipal attorney inquired whether he could serve as advisor to the borough's planning board in preparation of its master plan. See Opinion 127, 91 N.J.L.J. 262 (1968); Opinion 149, 92 N.J.L.J. 185 (1969); and Opinion 164, 92 N.J.L.J. 831 (1969). Likewise, in Opinion 415, supra, we held that the formation of a partnership between counsel for a municipality and counsel for a county, or county board or commission in which the municipality is located would be improper. Also in Opinion 5, 86 N.J.L.J. 361 (1963), we held that an attorney who serves as municipal prosecutor should be prohibited from appearing before the board of adjustment, planning board or mayor and council representing a personal client. See *State v. Zold*, 105 N.J.Super. 194 (Law Div. 1969), affirmed o.b., 110 N.J.Super. 33 (App.Div. 1970).

Clearly, a municipal prosecutor is a municipal attorney. See Opinions 366 and 5, supra, and Opinion 182, 93 N.J.L.J. 492 (1970). The municipal prosecutor is a creature of the municipal government body which makes the appointment and determines the salary. Opinion 192, 94 N.J.L.J. 44 (1971). By statute, N.J.S.A. 40:55D–24, a municipal attorney is prohibited from serving as attorney for the planning board. Of equal significance, attorneys representing public bodies are the legal representatives of the general public and as such have the duty to be and remain above all suspicion even at personal financial sacrifice. See Opinions 415 and 192, supra.

The governing principle applied to inquiries in this area is that counsel for the public must conduct themselves and their practice so as to void (*sic*) the appearance of impropriety. See Opinions 415 and 192 supra, and Opinion 268, 76 N.J.L.J. 1325 (1973). Applying the above principle, the general policy set forth in the statute cited above, the disciplinary rules, Rules of Court and precedents, we believe that it would be improper for a municipal prosecutor to be the partner of the attorney for the planning board in the same municipality.

The number of attorneys employed by a municipality will vary depending upon the size and activity of the municipality. *See generally Perillo v. Advisory Comm. on Professional Ethics*, 83 N.J. 366, 377 (1980). A municipal family frequently includes a municipal attorney, who serves as counsel to the governing body; a municipal prosecutor, who prosecutes minor criminal offenses such as violations of traffic laws and ordinances; an attorney for the board of adjustment; and an attorney for the planning board. The avoidance of the appearance of impropriety in holding more than one of those positions has been a matter of continuing concern to this Court.

In the past, a single attorney sometimes represented more than one municipal body. In a procession of opinions, however, this Court and the Advisory Committee on Professional Ethics have found numerous instances of dual office holding to create an appearance of impropriety. *See, e. g., In re Opinion 415,* 81 *N.J.* 318 (1979) (attorney cannot serve as attorney for municipality and county counsel); *Opinion* 366 (attorney cannot represent both board of adjustment in same municipality where his partner is municipal attorney); *Opinion* 199; *Opinion* 164 (attorney cannot represent both board of adjustment and planning board of the same municipality); *Opinion* 149 (attorney cannot accept appointment as attorney for municipal planning board when partner is an attorney for the same municipality). Underlying those opinions is a concern that the potential danger of conflict in dual office holding might undermine public confidence in our system of government and in the independence and integrity of the legal profession. *See* "Developments in the Law—Conflicts of Interest in the Legal Profession," 94 *Harv.L.Rev.* 1244, 1415–1416 (1981).

Certain general principles apply to the evaluation of alleged conflicts of interest arising from dual representation. The Code of Professional Responsibility requires that all lawyers avoid even the appearance of impropriety in their professional conduct. *DR* 9–101. In addition, an attorney must withdraw from representing or refuse to begin representing a client if his independent professional judgment will be or is likely to be adversely affected by his representation of another client. *DR* 5–105. In some instances, under *DR* 5–105(C), an attorney may continue dual representation when the attorney believes that he can adequately represent the interests of each client and each client consents to the representation after full disclosure. The option of representing both clients if consent is obtained after full disclosure, however, is not available to an attorney representing public entities. *See, e. g., Ahto v. Weaver,* 39 *N.J.* 418, 431 (1963); *Opinion* 300; *Opinion* 277; *Opinion* 29; *Opinion* 4. *But see DeLuca v. Kahr Bros., Inc.,* 171 *N.J.Super.* 100, 107 (Law

Div. 1979) (same counsel can represent township committee, planning board and zoning board as defendants in same litigation with their consent after disclosure where there is an identity of interests).

■ The reason for the different treatment of attorneys representing public and private clients is that possible areas of conflict of interest are subjected to even closer scrutiny where the public interest is involved. *Schear v. City of Elizabeth*, 41 *N.J.* 321 (1964). As Justice Schreiber noted in *In re Opinion 415, supra*, "[w]hen representation of public bodies is involved, the appearance of impropriety assumes an added dimension. Positions of public trust call for even more circumspect conduct." 81 *N.J.* at 324. *See generally* "Developments in the Law," *supra*, 94 *Harv.L.Rev.* at 1415–1416.

■ Whether a conflict creates an appearance of impropriety depends on the facts of each case. *See Opinion* 199. An appearance of impropriety "must be something more than a fanciful possibility. It must have some reasonable basis." *Higgins v. Advisory Comm. on Professional Ethics*, 73 *N.J.* 123, 129 (1977); *see also State v. Rizzo*, 69 *N.J.* 28, 30 (1975) (per curiam) (defendant's counsel removed because law associate was prosecutor). Sometimes the line between conduct that appears to be proper or improper is hazy. Where there is no conflict in fact, an appearance can sometimes shade into the illusion of conflict. Nonetheless, in making our evaluation, we view the conduct as an "informed and concerned private citizen," remaining ever mindful of the need to maintain public confidence in the reputation of the legal profession and in our system of government. *In re Opinion 415, supra*, 81 *N.J.* at 325; "Developments in the Law," *supra*, 94 *Harv.L.Rev.* at 1415–1416.

The present matter involves the enforcement of land use laws and concerns the public offices of municipal prosecutor and planning board attorney. Relationships between attorneys in a municipal family are a matter of legitimate public scrutiny, particularly where one body, such as the planning board, is subordinate to another body, the governing body.

Previously the Committee has ruled, in *Opinion* 366, that an attorney may not hold positions of municipal prosecutor and board of adjustment attorney in the same municipality. That ruling relies, in part, on *N.J.S.A.* 40:55D–71, which prohibits a municipal attorney from serving as a board of adjustment attorney. That prohibition parallels *N.J.S.A.* 40:55D–24, which prohibits a municipal attorney from serving as a planning board attorney. Hence, it is relevant to analyze the relationship between a board of adjustment and a planning board under the Municipal Land Use Law. *N.J.S.A.* 40:55D–1 *et seq.* Under the Municipal Land Use Law, the responsibility to enforce local land use regulations is shared by the planning board, board of adjustment and governing body. When reviewing applications for approval of subdivision plats, site plan or conditional uses, a planning board has the power, like the board of adjustment, to grant variances. *N.J.S.A.* 40:55D–60. Similarly, the board of adjustment, like the planning board, has the power to grant subdivision, site plan or conditional use approval when a proposed development requires approval by the board of adjustment of a use variance. *N.J.S.A.* 40:55D–76. Furthermore, a board of adjustment may refer a matter to the planning board for a report, *N.J.S.A.* 40:55D–70(d), which may be rejected only by a majority of the full authorized membership of the board of adjustment. *N.J.S.A.* 40:55D–26. Finally, decisions of the planning board and board of adjustment are subject to appeal to the governing body. *N.J.S.A.* 40:55D–17(a).

In *Opinion* 366, the Advisory Committee determined that an attorney could not hold the position of municipal prosecutor where his partner is attorney for the board of adjustment. The rationale was that the attorney for the board of adjustment might advise the board on matters that are relevant to proceedings in which the municipal prosecutor might become involved. The underlying premise of the opinion is that to some extent a municipal prosecutor is a municipal attorney. *Opinion* 366; *State v. Zold*, 105 *N.J.Super* 194 (Law Div. 1969), aff'd o. b., 110 *N.J.Super* 33 (App.Div. 1970). In light of the similar functions

of a planning board and a board of adjustment, the proscription against dual office holding applies also to a planning board attorney whose partner is the municipal prosecutor.

Furthermore, at least one of the municipalities in the present case, like many other municipalities, has adopted an ordinance imposing penalties on developers for violation of the conditions of site plan or subdivision approval. As a practical matter, planning boards normally may seek to correct those violations through recourse to a performance bond. Nonetheless, the fact remains that a violation of a site plan or subdivision approval may be subject to prosecution by the municipal prosecutor in municipal court. Where a municipal prosecutor and planning board attorney are partners, certain troublesome questions arise. Would a developer who is prosecuted in municipal court for violation of a condition of site plan or subdivision approval reasonably believe that the municipal prosecutor would fail to bring independent judgment to bear in evaluating the alleged violation? Where a developer fails to meet a condition of site plan or subdivision approval, could an informed citizen believe that a failure to prosecute in the municipal court is due to the municipal prosecutor and planning board attorney being partners? Where partners serve as municipal prosecutor and planning board attorney and no land use violations are prosecuted, could an informed member of the public conclude that the failure to prosecute arises because the offices are held by partners? We believe that affirmative answers to these questions are "more than a fanciful possibility." *See Higgins v. Advisory Comm. on Professional Ethics, supra,* 73 *N.J.* at 129. Where partners serve as planning board attorney and municipal prosecutor, an informed citizen could conclude that the priorities of one or both offices might be compromised because partners hold both offices. With attorneys holding public offices, the appearance of conflict strikes at an essential element of public trust, the ability to exercise discretion unimpeded by external considerations. An attorney for a public body, like Caesar's wife, must be above suspicion.

■ For these reasons we hold that one attorney or members of one law firm may not hold both the position of municipal prosecutor and the position of planning board attorney for the same municipality.

*For affirmance*—Chief Justice WILENTZ and Justices PASHMAN, CLIFFORD, SCHREIBER, HANDLER and POLLOCK—6.

*For reversal*—None.