MONROE TOWNSHIP BOARD OF ADJUSTMENT AND KARL R. MEYERTONS, PLAINTIFFS-RESPONDENTS, v. MAYOR AND TOWNSHIP COMMITTEE OF THE TOWNSHIP OF MONROE AND THE TOWNSHIP OF MONROE, DEFENDANTS-APPELLANTS.

Superior Court of New Jersey
Appellate Division

Submitted May 28, 1986—Decided June 10, 1986.

Before Judges MICHELS, GAULKIN and DEIGHAN.

*Mario Apuzzo*, Director of Law of the Township of Monroe, attorney for appellants.

*Karl R. Meyertons,* respondent, *pro se* and attorney for respondent Monroe Township Board of Adjustment.

MICHELS, P.J.A.D.

The judgment of the Law Division declaring that: (1) plaintiff Karl R. Meyertons was duly appointed as attorney to the plaintiff Monroe Township Board of Adjustment (Board) at its regular organization meeting and that he shall remain as its attorney for the balance of the term of his appointment; and (2) defendant Township of Monroe shall honor and pay all outstanding and future vouchers submitted for legal services approved by the Board is affirmed substantially for the reasons expressed by Judge Breitkopf in his oral opinion of June 20, 1985. We are satisfied from our study of the record, in light of the arguments presented, that the trial court properly granted summary judgment in favor of plaintiffs and that all of the issues of law raised are clearly without merit. *R.* 2:11–3(e)(1)(E).

Additionally, we emphasize that by *L.* 1975, *c.* 291, effective August 1, 1976, our Legislature enacted *N.J.S.A.* 40:55D–1 *et seq.,* commonly known as the "Municipal Land Use Law." Pursuant to this enactment, the governing body of a municipality is empowered to create, by ordinance, a zoning board of adjustment. *N.J.S.A.* 40:55D–69. This board of adjustment is accorded specific powers, *see N.J.S.A.* 40:55D–70; *N.J.S.A.* 40:55D–76, designed to assist the municipality in achieving optimal land use control. These powers, accorded to a board of adjustment by the Legislature, were intended to be exercised exclusively and autonomously. *See N.J.S.A.* 40:55D–20 (providing that any power authorized to be exercised by the board "shall not be exercised by any other body, except as otherwise provided in th[e] act.").

With respect to the funding of a board of adjustment's legal expenses and its appointment of counsel, our land use laws specifically provide:

a. The governing body shall make provision in its budget and appropriate funds for the expenses of the board of adjustment.

b. *The board of adjustment may employ, or contract for, and fix the compensation of legal counsel, other than the municipal attorney,* and experts and other staff and services as it shall deem necessary, not exceeding, exclusive of gifts or grants, the amount appropriated by the governing body for its use. [*N.J.S.A.* 40:55D–71a, b (Emphasis supplied)].

As this provision indicates, the Legislature clearly intended that a board of adjustment be able to hire its own legal counsel. Furthermore, pursuant to *N.J.S.A.* 40:55D–71, a governing body may not deny separate legal representation to a board of adjustment, if it is so requested. *De Luca v. Kahr Brothers, Inc.,* 171 *N.J.Super.* 100, 105 (Law Div.1979).

In enacting *N.J.S.A.* 40:55D–71, effective August 1, 1976, *see L.* 1975, *c.* 291, § 58, the Legislature adopted the essence of *N.J.S.A.* 40:55–36.2 (repealed by *L.* 1975, *c.* 291, § 80) which, in pertinent part, provided:

Within the limits of appropriations made available to it, *the board of adjustment may appoint and fix the compensation of an attorney, other than the municipal attorney,* and may employ such number of stenographic and clerical assistants as it shall deem necessary. [*Ibid.* (Emphasis supplied)].

These provisions, which allow for the appointment of legal counsel to a board of adjustment, while specifying that such counsel may not be the municipal attorney, break with general zoning law which recognizes that:

few [boards of adjustment] are regularly guided by an attorney. If legal advice is available to a board of adjustment, it is obtainable upon request from an overloaded, and often part-time, municipal attorney whose duties require that he advise a number of departments on a variety of legal issues. [3 *Anderson, American Law of Zoning* (2 ed. 1977), § 20.01 at 461].

Such zoning law generally concludes that:

It is, of course, proper for a board of adjustment to receive advice from a municipal attorney. Where a municipality maintains a legal staff of sufficient size, it is not uncommon for an attorney to be assigned to the board. [*Id.,* § 20.40 at 538].

Clearly, however, the adoption of the limiting language of *N.J.S.A.* 40:55D–71 b constituted a legislative attempt to preclude a municipal attorney in this State from representing both the board of adjustment and the governing body of his municipality. This intent becomes even more definite when one con-

siders that, at the time the predecessor statute, *N.J.S.A.* 40:55–36.2, was originally enacted by *L.* 1955, *c.* 126, § 2, it provided only that "the board of adjustment may employ, and fix the compensation of, an attorney...." *Ibid.* The later amendment to *N.J.S.A.* 40:55–36.2, by *L.* 1965, *c.* 215, § 2, and its essential adoption in *N.J.S.A.* 40:55D–71 b, expressly added the limitation that a municipal attorney could not also represent the municipality's board of adjustment. Accordingly, there can be no question that our Legislature believed that it would be in the best public interest of the municipalities of this State if their municipal attorneys did not also serve as counsel to their boards of adjustment.

Affirmed.