SAMUEL T. FLAMMA, PETITIONER–RESPONDENT, v. ATLANTIC CITY FIRE DEPARTMENT, RESPONDENT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted February 7, 1989—Decided March 3, 1989.

Before Judges MICHELS, LONG and MUIR, Jr.

*Caryl M. Amana,* Atlantic City Solicitor, attorney for appellant (*Hubert U. Barbour, Jr.,* Assistant City Solicitor, of counsel and on the brief).

*Schlesinger, Schlosser & Foy,* attorneys for respondent (*Jan M. Schlesinger,* of counsel; *John F. Pilles, Jr.,* on the brief).

PER CURIAM.

Pursuant to leave granted by this court, respondent Atlantic City Fire Department appeals from an interlocutory order of the Director of the Office of Administrative Law that denied its motion to disqualify John F. Pilles, Jr. (Pilles), of the firm Schlesinger, Schlosser & Foy, from representing petitioner Samuel T. Flamma (Flamma) in this disciplinary action. The issue posed by this appeal is whether Pilles is disqualified from representing Flamma by reason of Pilles' firm's representation of firefighters' Union Local No. 198, of which Flamma and Deputy Fire Chief Janes, the primary witness against him, are members. The Director distinguished *State v. Galati,* 64 *N.J.* 572 (1974), which dealt with an attorney for the Policemen's Benevolent Association (PBA), from the present situation,

which involves an attorney for a firefighters' union, and concluded that *Galati* does not apply to bar Pilles' representation of Flamma because the current situation fails to create an appearance of impropriety in the public's mind. We disagree and reverse.

In *State v. Galati, supra,* a police officer was under indictment for misconduct in office and atrocious assault and battery arising out of an altercation relating to an attempted arrest of a motorist. The defendant's partner, another police officer, had witnessed the events that led to the indictment, and the State planned to call the partner as a witness at defendant's trial. Both defendant and the witness were members of the local PBA, which regularly retained the defendant's attorney as its counsel. The State claimed that the attorney's relationship to the PBA required the attorney's disqualification from representing the defendant in the matter under indictment.

Although the Supreme Court permitted the attorney to continue to represent the defendant in that case, it stated that "[i]n the future, ... all similar or like representations must be eschewed." *Id.,* 64 *N.J.* at 579. The Court discussed the "quasi-official status" held by the PBA in the mind of the public, in light of its role as "the conspicuous spokesman for the interests of all policemen," and its "larger role ... to seek out and expose all who are corrupt," *Id.* at 577, and emphasized that:

> So it is that when the PBA's lawyer undertakes the representation of a private cause in which a member of that same PBA is destined to testify (on one side or another) there is bound to occur a public suspicion that the PBA witness will be inclined to palliate or vivify his testimony in order to accommodate the lawyer who, outside the courtroom, is *en rapport* with and supportive of the private and organizational interest of the PBA witness.
>
> And should the public so believe, and thus suspect the outcome of the litigation proceeded from undue influence upon the policeman's testimony, and not from the merits, there is a sure result. The doubts thus engendered or suspicions aroused ("these fellows all stick together") impoverish the appearance of justice and taint the image of law and its even-handed enforcement. [*Id.* at 576].

Additionally, "an attorney who is known as a PBA attorney, whether regularly retained or on a case by case basis, may not

represent a member of the PBA in any criminal, quasi-criminal or disciplinary matter in which another member of the PBA may be called upon to testify." Ethics Opinion No. 320 (Supplement).

Moreover, the Advisory Committee on Professional Ethics in its Opinion No. 405 cautioned that "as a general practice an attorney representing an organization should not be the attorney selected to render legal services to the members of the organization." *See also* Opinion No. 256; Opinion No. 114 (citing Canon 35 of the Canons of Professional Ethics, which states that "[a] lawyer may accept employment from any organization, such as an association, club or trade organization, to render legal services in any matter in which the organization, as an entity, is interested, but this employment should not include the rendering of legal services to the members of such an organization in respect to their individual affairs.")

Applying the principles set forth by our Supreme Court in *State v. Galati, supra,* and by the Advisory Committee on Professional Ethics in the above-cited Ethics Opinions, we have no hesitancy in concluding that Pilles is disqualified from representing Flamma in this disciplinary proceeding. It is certainly conceivable that Janes, the primary witness against Flamma, could be induced to "palliate or vivify" his testimony against Flamma because he perceives that Flamma's attorney, who also represents the firefighters' union to which both Janes and Flamma belong, is on the "same team" as the members of the union. *See Perillo v. Advisory Committee on Professional Ethics,* 83 *N.J.* 366, 375–377 (1980); *Della Serra v. Mountainside,* 196 *N.J.Super.* 6, 15 (App.Div.1984). Moreover, the relationships of Pilles to the firefighters' union, to his client Flamma and to the adverse witness Janes present a situation where "the opportunity, if not the temptation, to communicate with the witness—who under the circumstances would have an adverse interest—would be difficult to resist." *See* Ethics Opinion No. 196. Even where the temptation is not succumbed to, the "appearance of impropriety," from the viewpoint of a

well-informed, concerned member of the public, would be enough to raise questions about Pilles' representation of Flamma in this matter. *See In re Professional Ethics Opinion 452,* 87 *N.J.* 45, 50 (1981).

Finally, we emphasize that "[i]f there be any doubt as to the propriety of an attorney's representation of a client, such doubt must be resolved in favor of disqualification." *Reardon v. Marlayne, Inc.,* 83 *N.J.* 460, 471 (1980). *See also Gray v. Commercial Union Ins. Co.,* 191 *N.J.Super.* 590, 595 (App.Div. 1983). As our Supreme Court in *State v. Rizzo,* 69 *N.J.* 28, 30 (1975), stated:

> [A] lawyer must avoid even the appearance of impropriety, DR9–101, to the end that the image of disinterested justice is not impoverished or tainted. Thus it is that sometimes an attorney, guiltless in any actual sense, nevertheless is required to stand aside for the sake of public confidence in the probity of the administration of justice.

*See also Gray v. Commercial Union Ins. Co., supra,* 191 *N.J.Super.* at 602.

Accordingly, we hold that Pilles is disqualified from representing Flamma in this disciplinary proceeding. The order under review is reversed.