573 A.2d 158

SAMUEL T. FLAMMA, APPELLANT, v. ATLANTIC CITY FIRE DEPARTMENT, RESPONDENT.

Argued March 12, 1990—Decided May 9, 1990.

584

*John F. Pilles, Jr.*, argued the cause for appellant (*Schlesinger, Schlosser and Foy*, attorneys, *Jan M. Schlesinger*, of counsel).

*Caryl M. Amana*, City Solicitor, argued the cause for respondent (*Caryl M. Amana*, attorney, *Caryl M. Amana* and *Hubert U. Barbour, Jr.*, Assistant City Solicitor, on the briefs).

*Steven P. Weissman* and *Sidney H. Lehmann* argued the cause for *amici curiae* American Federation of State, County and Municipal Employees, AFL–CIO, Communications Workers of America, AFL–CIO, The International Federation of Professional and Technical Engineers, Locals 195 and 196, The New Jersey Education Association, and The Rutgers Council of AAUP Chapters (*Steven P. Weissman*, attorney for Communications Workers of America, AFL–CIO, *Sidney H. Lehmann*, attorney for The American Federation of State, County and Municipal Employees, AFL–CIO, *Oxfeld, Cohen & Blunda*, attorneys for The International Federation of Professional and Technical Engineers, Locals 195 and 196, *Klausner, Hunter & Oxfeld*, attorneys for The New Jersey Education Association; and *Rhinehardt & Schachter*, attorneys for The Rutgers Council of AAUP Chapters; *Steven P. Weissman, Sidney H. Lehmann, Arnold S. Cohen, Nancy I. Oxfeld*, and *Denise Reinhardt*, on the brief).

*James R. Zazzali* argued the cause for *amicus curiae* New Jersey State Policemen's Benevolent Association (*Zazzali, Zazzali, Fagella & Nowak*, attorneys).

PER CURIAM.

The issue on appeal is whether counsel for a firefighters' union may represent a member of that union in a disciplinary proceeding in which another member will testify.

I

Appellant, Samuel T. Flamma, is a member of the Atlantic City Firefighters Union, Local 198, I.A.F.F. (Local 198). The Atlantic City Fire Department (ACFD) disciplined Flamma for

misconduct. After Flamma appealed to the Civil Service Commission, the matter was transferred to the Office of Administrative Law.

The ACFD moved to disqualify Flamma's attorney, John F. Pilles, Jr., who is also counsel for Local 198. Knowing that ACFD intended to call Deputy Fire Chief Lewis Janes, also a member of Local 198, Pilles at first voluntarily recused himself because he believed that *State v. Galati*, 64 *N.J.* 572, 319 *A.*2d 220 (1974), and Advisory Committee on Professional Ethics Opinion No. 320 (Supplement), 100 *N.J.L.J.* 1126 (1977), required him to do so. After reconsideration, however, he informed the administrative law judge that he felt recusal was unnecessary and that he intended to continue to represent Flamma until directed to withdraw.

Rejecting the claim that Pilles' role as counsel for Local 198 conflicted with his representation of Flamma, the administrative law judge denied ACFD's motion to disqualify Pilles. The chief administrative law judge affirmed that ruling. On interlocutory appeal the Appellate Division reversed and disqualified Pilles. 231 *N.J.Super.* 316, 555 *A.*2d 697 (1989).

We granted Flamma's motion for leave to appeal. 118 *N.J.* 185, 570 *A.*2d 953 (1989).

## II

### A

The Appellate Division held that *State v. Galati, supra,* 64 *N.J.* 572, 319 *A.*2d 220, requires the disqualification of Pilles. In *Galati* the defendant, a police officer, was indicted for offenses arising from an altercation during the attempted arrest of a motorist. The defendant's police partner, who had witnessed the events, was to testify for the prosecution. The defendant privately retained an attorney who regularly represented the State Policemen's Benevolent Association (PBA) and the local PBA chapter to which both the defendant and his

partner belonged. At the prosecution's behest the trial court disqualified the defendant's attorney.

Although we reversed because there was no evidence of impropriety, we held that in future cases a PBA attorney may not represent a PBA member in a criminal trial in which an officer from the same PBA chapter will testify. *State v. Galati, supra,* 64 *N.J.* at 578, 319 *A.*2d 220. Two factors create an ethical problem in that situation. First, a PBA attorney has a "special status" arising from a "bridge of confidentiality and trust" with PBA members. *Id.* at 575, 319 *A.*2d 220. When a PBA attorney represents a member of that group in a private action,

> there is bound to occur a public suspicion that the PBA witness will be inclined to palliate or vivify his [or her] testimony in order to accommodate the lawyer who, outside the courtroom, is *en rapport* with and supportive of the private and organizational interest of the PBA witness. [*Id.* at 576, 319 *A.*2d 220.]

Suspicion that undue influence of the police officer's testimony, rather than the merits of the case, might determine the outcome "impoverish[es] the appearance of justice and taint[s] the image of law and its even-handed enforcement." *Ibid.*

The second concern is that the PBA's "quasi-official status" exacerbates the resultant taint on the justice system. *Id.* at 577, 319 *A.*2d 220. "Any failure of confidence in the PBA diminishes confidence in the police force as a whole, and thus in the administration of justice." *Ibid.* We drew an analogy to the rule forbidding a municipal attorney from representing a private party in that municipality's court "lest the public think he [or she] can trade on * * * official connections." *Ibid.*

The ACFD argues that we should extend *Galati* to representatives of firefighters' unions because under *N.J.S.A.* 40A:14–30 a firefighter during a fire has the powers of a peace officer and because firefighters cooperate in arson investigations. The argument is unconvincing. Local 198 is not an organization of law-enforcement officials, nor does it have the "quasi-official status" and close relationship to the administration of justice that the PBA has. Although a union attorney may have a

"bridge of confidentiality and trust" with local union members, absent a special relationship between the union and the administration of justice, there is no significant risk of detriment to public confidence in the justice system requiring the attorney's disqualification for an "appearance of impropriety." Pilles' representation of Local 198 does not automatically disqualify him under *Galati* from representing Flamma in the disciplinary proceedings.

### B

In disqualifying Flamma's attorney, the Appellate Division also relied on Advisory Committee on Professional Ethics Opinions No. 405, 102 *N.J.L.J.* 297, 303 (1978) ("as a general practice an attorney representing an organization should not be the attorney selected to render legal services to the members of the organization"), No. 256, 96 *N.J.L.J.* 745 (1973) (attorney for union cannot draw up wills for members when the union pays flat fee for services), and No. 114, 90 *N.J.L.J.* 480 (1967) (full-time counsel for trade association cannot represent individual member companies for no extra fees). Those three ethics opinions address the concern that an organization's arrangement for legal representation of its members might "infringe upon the independent exercise of professional judgment by the attorney." Advisory Comm. on Professional Ethics Op. No. 405, *supra*, 102 *N.J.L.J.* at 303. Counsel for an organization may represent a member as long as the representation is not the result of improper solicitation and as long as either the member pays for it or its cost is pro-rated. Advisory Comm. of Professional Ethics Op. No. 114, *supra*, 90 *N.J.L.J.* 480, (citing H. Drinker, *Legal Ethics* 162 (1953)). There is no suggestion here that Pilles' representation of Flamma is the result of improper solicitation. Nor does it appear that the union is paying Flamma's legal fees. Advisory Committee on Professional Ethics Opinions No. 405, No. 256, and No. 114 do not require Pilles' disqualification.

## C

■ The Appellate Division also speculated that Deputy Fire Chief Janes might "palliate or vivify" his testimony because he would perceive himself as being on the "same team" as Flamma and Pilles. 231 *N.J.Super.* at 319, 555 *A.*2d 697. The Appellate Division relied on *Perillo v. Advisory Committee on Professional Ethics,* 83 *N.J.* 366, 416 *A.*2d 801 (1980), in which we barred a municipal attorney from representing the municipality against a municipal police officer. The ethical issue there was whether the public might reasonably believe that an attorney who had worked closely with the police would have divided allegiance causing him or her to fail to prosecute a police officer vigorously. *Id.* at 376, 416 *A.*2d 801. *Perillo* emphasized the "unique * * *" relationship between the municipal attorney and the municipal police officer." *Id.* at 374, 416 *A.*2d 801. Both officials play fundamental roles in the criminal justice system. They have "within the field of law enforcement a singleness of purpose and shared responsibility * * *." *Id.* at 375, 416 *A.*2d 801. We expressly rejected a "general prohibition against a municipal attorney representing the municipality" in non-police cases because "the strength of the appearance of divided loyalties and conflicting interests on the part of the attorney * * * may be considerably weakened if the employee is not a police officer." *Id.* at 378, 416 *A.*2d 801. Because firefighters do not play a fundamental role in law enforcement, *Perillo's* "general prohibition" is inapplicable to Pilles. See also *Della Serra v. Borough of Mountainside,* 196 *N.J.Super.* 6, 15, 481 *A.*2d 547 (App.Div.1984) (attorney's representation of municipality in an action against police officer did not conflict with his "limited role as special labor counsel" to the municipality in labor negotiations with the PBA).

## D

■ The Appellate Division decided as well that the relationship Pilles and Janes have with the union would "present a

situation where 'the opportunity, if not the temptation, to communicate with the witness—who under the circumstances would have an adverse interest—would be difficult to resist.'" 231 *N.J.Super.* at 319, 555 *A.*2d 697 (quoting Advisory Comm. on Professional Ethics Op. No. 196, 94 *N.J.L.J.* 65, 71 (1971)). There is no *per se* rule, however, that prohibits an attorney in a disciplinary proceeding from communicating with an adverse witness. *See United States ex rel. Trantino v. Hatrak,* 408 *F.Supp.* 476, 481 (D.N.J.1976), (because "[w]itnesses belong neither to the prosecution nor to the defense [, b]oth sides have an equal right, and should have an equal opportunity[,] to interview them"), *aff'd,* 563 *F.*2d 86 (3d Cir.1977), *cert. denied,* 435 *U.S.* 928, 98 *S.Ct.* 1499, 55 *L.Ed.*2d 524 (1978); *Model Canons of Professional Ethics* Canon 39 (1937) (attorney may interview adverse witness as long as he or she does not "affect" the "free and untrammeled conduct" of the witness). The fact that Pilles might communicate with Janes, as the Appellate Division feared, affords no basis for disqualification.

E

Having determined that *Galati* does not apply to attorneys for firefighters' unions, we need not consider Flamma's argument that Advisory Committee on Professional Ethics Opinion No. 320 (Supplement), *supra,* 100 *N.J.L.J.* 1126, incorrectly extends *Galati* to disciplinary matters. We also decline *amicus* New Jersey State PBA's invitation to reconsider *Galati* or to pass judgment on Advisory Committee on Professional Ethics Opinion No. 320 (Supplement).

III

In summary, we hold that an attorney's representation of a firefighters' union does not automatically disqualify the lawyer from representing a member of that union in a disciplinary proceeding in which a fellow member will testify. We know that the great majority of lawyers are sensitive to their obli-

gation in the first instance to foresee conflicts of interest; but despite conscientious efforts to identify and avoid them, such conflicts sometimes appear. Courts should, therefore, continue to consider on a case-by-case basis whether anything unique about a specific union, the nature of the attorney's representation of it, or the nature of the attorney's relationship to the testifying member requires disqualification.

Judgment reversed.

*For reversal*—Chief Justice WILENTZ, and Justices CLIFFORD, HANDLER, POLLOCK, O'HERN, GARIBALDI, and STEIN—7.

*Opposed*—None.