616 A.2d 1290

IN THE MATTER OF INQUIRY TO THE ADVISORY COMMITTEE
ON PROFESSIONAL ETHICS INDEX NO. 58–91(B).

Argued October 26, 1992—Decided November 25, 1992.

*Joseph Dominguez* argued the cause for appellant, John J. Dell'Aquilo (*John J. Dell'Aquilo,* attorney and on the briefs).

*Susan L. Reisner,* Deputy Attorney General, argued the cause for respondent, Advisory Committee on Professional Ethics (*Robert J. Del Tufo,* Attorney General of New Jersey, attorney; *Joseph L. Yannotti,* Assistant Attorney General, of counsel).

The opinion of the Court was delivered by

POLLOCK, J.

Appellant, John Dell'Aquilo, a full-time police officer in the Township of Cherry Hill and a member of the bars of Pennsylvania and New Jersey, appeals from a ruling of the Advisory Committee on Professional Ethics (ACPE). In a letter written in response to appellant's inquiry, the ACPE ruled that if he becomes a part-time associate of a law firm, the firm may not represent private clients in criminal matters arising in the Township.

We granted appellant's petition for review, 130 *N.J.* 2, 611 *A.*2d 642 (1992), and now affirm the ACPE's ruling.

While remaining as a full-time police officer with the 125-person Cherry Hill police department, appellant seeks to associate on a part-time basis with a twelve-person law firm in that

municipality. The firm represents private litigants in civil and criminal matters.

■■■■ The issue is whether an appearance of impropriety arises from a law firm's representation of criminal defendants in matters arising in the municipality in which one of its associates is a full-time police officer. The dispositive test is whether an " 'informed and concerned private citizen,' " *In re Opinion 569*, 103 *N.J.* 325, 331, 511 *A.*2d 119 (1986) (quoting *In Re Opinion 415*, 81 *N.J.* 318, 325, 407 *A.*2d 1197 (1979)), could reasonably find an appearance of impropriety in that representation. Given that appellant intends to remain as a full-time policeman during his association with the law firm and that policemen are visible components of the administration of justice in their municipalities, *State v. Galati*, 64 *N.J.* 572, 577, 319 *A.*2d 220 (1974), the question virtually answers itself.

■■ Attorneys are disqualified from representing clients not only in cases of actual conflict, but also when representation begets an appearance of impropriety. Thus, multiple representation is impermissible "in those situations in which an ordinary knowledgeable citizen acquainted with the facts would conclude that the multiple representation poses substantial risk of disservice to either the public interest or the interest of one of the clients." *RPC* 1.7(c)(2).

Appellant urges that screening him from criminal matters would eliminate the appearance of impropriety. He points to *Rule of Professional Conduct* 1.11, captioned *"Successive Government and Private Employment."* The Rule states:

An appearance of impropriety may arise from a lawyer representing a private client in connection with a matter that relates to the lawyer's former employment as a public officer or employee even if the lawyer did not personally and substantially participate in it, have actual knowledge of it, or substantial responsibility for it. In such an event, the lawyer may not represent a private client, but a firm with which that lawyer is associated may undertake or continue representation if: (1) the disqualified lawyer is screened from any participation in the matter and is apportioned no part of the fee therefrom, and (2) written notice is promptly given to the appropriate government agency to enable it to ascertain compliance with the provisions of this rule.

The exception for screening associates who are former government lawyers arises from the government's need to attract qualified attorneys and from the disincentive that would ensue from the unreasonable disqualification of any firm with which those lawyers might associate after leaving government employment. *In re Petition for Review of Opinion 569*, 103 *N.J.* 325, 334–35, 511 *A.*2d 119 (1986). Neither consideration applies in this case.

■ Appellant seeks to hold two jobs, not leave government service to enter private practice. Unlike the lawyer who, on leaving the government, can no longer acquire sensitive information about private parties, appellant, as long as he is a police officer, could obtain such information. Recognizing the appearance of impropriety in this case should not have a chilling effect on government lawyers or police officers who terminate their public employment to become private practitioners. Should appellant resign from the police force, his firm could screen him in a matter where he would be personally disqualified, provided he "did not personally and substantially participate in it, have actual knowledge of it, or substantial responsibility for it." *RPC* 1.11(b). Further, appellant remains free to practice with a firm that does not represent clients in criminal matters arising in Cherry Hill. He may not, however, represent clients in criminal matters with interests potentially adverse to his employing municipality. As long as appellant remains a member of the Cherry Hill "law enforcement team," *see Perillo v. Advisory Comm. on Professional Ethics*, 83 *N.J.* 366, 371, 416 *A.*2d 801 (1980) ("all municipal employees, including counsel, are, in the words of the Advisory Committee, 'on the same team'" (citation omitted)), no firm with which he is associated may represent private clients in Cherry Hill Municipal Court or in criminal matters arising in Cherry Hill.

■ Our overriding concern is for maintaining public confidence in the integrity of the legal profession. In that sensitive zone, appearances can be as important as reality. *Galati,*

*supra,* 64 *N.J.* at 576, 319 *A.*2d 220. The appearance of impropriety has special relevance for attorneys invested with the public trust, such as a government attorney or, as here, an attorney who is a full-time police officer. *In re Opinion 569, supra,* 103 *N.J.* at 330, 511 *A.*2d 119; *Perillo, supra,* 83 *N.J.* at 373, 416 *A.*2d 801. A municipal police officer, like a municipal attorney, is "charged with major responsibilities in the effectuation of the criminal justice system at the local level—the apprehension and prosecution of violators of municipal ordinances as well as state criminal and quasi-criminal laws." *Perillo, supra,* 83 *N.J.* at 374–75, 416 *A.*2d 801. Recognizing his responsibilities within the criminal justice system as a police officer, appellant concedes that he is barred from personally representing private clients in criminal matters arising in Cherry Hill. That bar extends to any firm with which he may become associated. *Rule of Professional Conduct* 1.10(a) states: "When lawyers are associated in a firm, none of them shall knowingly represent a client when any one of them practicing alone would be prohibited from doing so by *RPC* 1.7 * * * ."

In response to appellant's further inquiry, the ACPE ruled that "you may represent private clients in civil matters in which the municipality is not a party and in which you did not participate personally or substantially as a police officer; or have substantial responsibility as a police officer." At oral argument, appellant sought to expand his inquiry to ascertain whether the firm could represent private parties in civil litigation in which the municipality is a party.

The firm is clearly disqualified from certain matters that the Township police investigate, such as cases arising out of automobile accidents or liquor-license applications. Not so clear is whether the firm should be disqualified from tax appeals or other matters in which an informed member of the public might not reasonably perceive that the law firm could benefit from appellant's relationship with the police department. The issue is too important to be addressed as an afterthought. We

decline to decide whether the firm may represent private litigants in civil litigation with the municipality. Hence, we need not discuss in detail the unreported opinion of the United States District Court ruling that a law firm with which appellant was associated could represent an applicant for a billiard parlor license. We note, however, that the court did not consider the appearance-of-impropriety doctrine, which we find dispositive of this appeal. If appellant wishes further guidance, he should initially seek it from the ACPE.

For Affirmance—Chief Justice WILENTZ and Justices CLIFFORD, HANDLER, POLLOCK, O'HERN, GARIBALDI, and STEIN.