**ALEX AND FLORENCE DENIS, Plaintiffs**

**v.**

**HESS OIL VIRGIN ISLANDS CORP. (HOVIC), HOVENSA LLC; AMADERA HESS CORPORATION; LITWIN CORPORATION,** individually and as successor in interest to **LITWIN PAN-AMERICAN CORPORATION; RIGGERS & ERECTORS INTERNATIONAL, INC.; RARITAN SUPPLY COMPANY,** individually and as successor in interest to **BRIDGE SUPPLY COMPANY; VIRGIN ISLANDS INDUSTRIAL MAINTENANCE CORPORATION; FLUOR ENGINEERS CONSTRUCTORS, INC.; 3M a/k/a MINNESOTA MINING & MANUFACTURING COMPANY; A.W. CHESTERTON COMPANY; CERTAINTEED PRODUCTS CORPORATION; CRANE CO.; FOSTER WHEELER CORPORATION; GARLOCK SEALING TECHNOLOGIES, LLC, f/k/a GARLOCK, INC.; GENERAL ELECTRIC CORPORATION; INGERSOLL RAND CORPORATION; JOHN CRANE COMPANY; UNION CARBIDE CORPORATION; UNION PUMP COMPANY; WESTINGHOUSE ELECTRIC CORPORATION; YARWAY CORPORATION; and JOHN DOE DEFENDANTS. Defendants**

Civil No. 606/2004

Superior Court of the Virgin Islands

Division of St. Croix

October 25, 2006

LEE J. ROHN, ESQ., Law Offices of Rohn and Cameron, LLC, St. Croix, VI, *Attorneys for Plaintiff.*

MICHAEL J. SANFORD, ESQ., JESSICA GALLIVAN, ESQ., The Law Offices of Michael Sanford, St. Croix, VI, *Attorneys for Defendant Garlock Sealing Technologies, LLC.*

BRADY, *Superior Court Judge*

## MEMORANDUM OPINION

(October 25, 2006)

THIS MATTER is before the Court on the Motion to Disqualify Plaintiffs' Counsel by Defendant Garlock Sealing Technologies, LLC ("Garlock"), Plaintiffs' opposition thereto, and Defendant's reply to the opposition. For the reasons below, Defendant's Motion to Disqualify is granted.

### Background

This case concerns harm allegedly suffered by Plaintiffs due to exposure to asbestos. The instant motions concern the impact of the hiring of Attorney Anna Washburn by Plaintiffs' firm, the Law Offices of Rohn & Cameron. Attorney Washburn formerly worked on this case for Garlock when she was employed at the Law Offices of Michael Sanford. Garlock asserts in its Motion for Order Disqualifying Anna Washburn, Esq., that Attorney Washburn had formerly served as lead counsel for many asbestos cases, including this one. Plaintiffs concede that Attorney Washburn must be disqualified, but argue that the entire firm need not be disqualified, on the grounds that their internal screening procedures eliminate any requirement to impute Washburn's disqualification to her new firm.

### Discussion

The standards for disqualification come from the ABA's Model Rules of Professional Conduct. SUPER. CT. R. 303(a); *see also Isidor Paiewonsky Associates, Inc. v. Sharp Properties, Inc.,* 1990 WL 303427, at 7 (D.V.I. 1990). This case involves the application of Model Rule 1.9(a) to Attorney Anna Washburn and Model Rule 1.10 to the law firm of Rohn & Cameron.

Model Rule 1.9(a) provides that:

> A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing.

██ ██ Attorney Washburn, now employed by Plaintiffs' law firm, formerly represented the Defendants in this same matter. She is therefore disqualified from representing Plaintiffs in this action. Plaintiffs do not contest this conclusion. Model Rule 1.10(a) provides that "While lawyers are associated in a firm, none of them shall knowingly represent a client when any one of them practicing alone would be prohibited from doing so by Rules 1.7 or 1.9 ..." Because Attorney Washburn is disqualified under Rule 1.9(a), and is part of a firm, under Rule 1.10, that firm, too, must be disqualified. In an effort to avoid this result, Plaintiffs argue that Virgin Islands law allows for screening of conflicted attorneys in a firm. Plaintiffs rely primarily on *VECC, Inc. v. Bank of Nova Scotia*, 222 F. Supp. 2d 717 (D.V.I. 2002). For a number of reasons, that case does not prevent this Court from applying the rule set out in Model Rule 1.10.

First, the *VECC* court found that the attorney in question did not need to be disqualified under Rule 1.9(b), so its holding did not involve Rule 1.10. *Id.* at 722. Plaintiffs cite dicta from that case that approves screening. Second, even if the language in *VECC* endorsing screening were a holding on the application of Rule 1.10, the facts in that case are not similar to this one. *VECC* dealt with the application of Rule 1.9(b) to an attorney who had formerly worked at a firm that did related work for the party moving for disqualification. This case, applying Rule 1.9(a), deals with a much closer connection—before switching firms, Attorney Washburn served as *lead counsel, in this matter,* for the movant.

Third, the Superior Court Rule providing for the application of the ABA Rules of Professional Conduct is more restrictive than the Local Rule of Civil Procedure for the District Court cited by Plaintiffs. Superior Court Rule 303(a) provides that "[t]he Superior Court ... hereby adopts the ABA's Rules of Professional conduct." This Court has little room to craft a policy exception to the Model Rules. The District Court, by contrast, uses Local Rule of Civil Procedure 83.2(a)(1), which allows for "modifications" of the Model Rules by "decision of law," among

other means. The Local Rules of Civil Procedure only apply to this Court to the extent they do not conflict with the Superior Court Rules. SUPER. CT. R. 7. To the extent that Local Rule 83.2(a)(1) is more flexible than Superior Court Rule 303(a), it does not have to be automatically applied by this Court. For these reasons, this Court has disqualified law firms with conflicted attorneys despite the use of screening in similar situations in the past. *See Freeman and John v. HOVIC,* Civ. Nos. 557/1998 and 487/1998 (Terr. Ct., May 9, 2002 Memorandum Opinion) (disqualifying these Plaintiffs' law firm, which had hired an attorney from the opposing side's law firm, and in which the Court questioned the effectiveness of screening mechanisms generally).

Finally, the dicta in *VECC* referenced by Plaintiffs relied in turn on aging dicta. *VECC* did not cite Local Rule of Civil Procedure 83.2(a)(1) for its approval of screening mechanisms, but rather followed dicta from earlier opinions. *VECC,* 222 F. Supp. 2d at 720. *VECC* cited two cases, *Brice v. Hess Oil Virgin Islands Corp.,* 769 F. Supp. 193 (D.V.I. 1990), and *U.S. v. Miller,* 624 F.2d 1198, 1201 (3d Cir. 1980) for the proposition that "disqualification is never automatic" and that disqualification is only used when it is "an appropriate means of enforcing the applicable disciplinary rule." *Id. Brice* relies solely on *Miller* for the assertion *VECC* cites. *Brice,* 769 F. Supp. at 195. In *Miller,* the Third Circuit Court of Appeals affirmed the disqualification of a law firm to represent a defendant in a criminal tax case because one of its partners had been an assistant United States Attorney who specialized in such prosecutions. Even though the former government lawyer testified that he had no involvement with the case against the defendant, the District Court (Judge Stanley S. Brotman), relying upon an interpretation of the disciplinary rule DR 9-101(B) of the ABA's Code of Professional Conduct by the Supreme Court of New Jersey, disqualified the entire law firm. *Id.* at 1203. In point of fact, the cases that *Miller* relied on for its assertion that "disqualification never is automatic" have no legal connection to Model Rules 1.9 and 1.10, nor any factual similarity to the current case. Moreover, *Miller* relied on one case that dealt with whether to disqualify attorneys who were likely to be called as witnesses at trial, *International Electronics Corp. v. Flanzer,* 527 F.2d 1288, 1293-1294 (2d Cir. 1975), another case declining to disqualify a firm under the ABA Rules of Professional Conduct when the movant had waited more than two years before filing its motion to disqualify and had approved the

firm's method of screening out conflicted former government attorneys, *Central Milk Producer's Coop. v. Sentry Food Stores, Inc.*, 573 F.2d 988, 990-991 (8th Cir. 1978), and finally an effort by the Church of Scientology of California to disqualify an attorney defending its opponent in a slander suit on the grounds that the attorney had consulted with the Church on a zoning matter. *Church of Scientology v. McLean*, 615 F.2d 691, 691 (5th Cir. 1980). *Miller*, applying the Code of Professional Responsibility, asserted that "disqualification is never automatic" before the ABA's Model Rules were issued. Model Rules 1.9 and 1.10 provide for only one form of enforcement—disqualification.

Plaintiffs' other citations do not compel a different result. Plaintiffs assert that many jurisdictions have modified their rules to permit representation by a firm who has screened out a conflicted attorney from any contact with the case, and that the comments to the Model Rules recognize this trend. Plaintiffs' observation is not a sufficient basis for this Court to substitute its preferred attorney disqualification policy in lieu of the application of the Superior Court Rules. Also, as Garlock points out in its Reply, the citation that Plaintiffs claimed was from a comment to the Model Rules was actually from an annotated version of the Model Rules that the ABA issued. Moreover, the fragment quoted by the Plaintiffs, noting that some jurisdictions approve of screening, is surrounded by important qualifiers, which point out that the Model Rules do not accept screening, and that screening is far from universally accepted.

Plaintiffs also cite *Rennie v. Hess Oil Virgin Islands Corp.*, 981 F. Supp. 374, 378, 37 V.I. 323 (D.V.I. 1998), which dealt with Model Rules 1.11 and 1.12. Plaintiffs also refer to *Lamb v. Pralex Corp.*, 333 F. Supp. 2d 361 (D.V.I. 2004), which applied Model Rule 5.6. These holdings and dicta from these cases do not bear on the current case, which is governed by Model Rule 1.10.

Accordingly, the premises having been considered, and the Court otherwise being fully advised, it is hereby

**ORDERED** that Defendant Garlock Sealing Technologies, LLC's Motion to Disqualify Plaintiffs' Counsel is **GRANTED,** and that Attorney Anna Washburn, and the Law Offices of Rohn & Cameron, are disqualified from representing the Plaintiffs in this matter. It is further

**ORDERED** that the prior Motion to Disqualify Plaintiff's Counsel by Defendants Hess Oil Virgin Islands Corp., HOVENSA, LLC, and Amerada Hess Corporation is **DENIED** as moot.