# IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN

JULITA KISHMA DE LEON,

PLAINTIFF,

v.

LAW OFFICES OF KARIN A. BENTZ,
P.C., LAW OFFICES OF KARIN A.
BENTZ, 401(K) PROFIT SHARING
PLAN, AND KARIN A. BENTZ, IN HER
INDIVIDUAL CAPACITY

DEFENDANTS.

ST-15-CV-182

CITED AS: 2020 VI SUPER 027 U

**Appearances:**

**Lee J. Rohn, Esq.**
Lee J. Rohn and Associates, LLC
Christiansted, USVI
*For Plaintiff*

**Karin A. Bentz, Esq.**
Law Office of Karin A. Bentz, P.C.
St. Thomas, USVI
*For Defendant*

## MEMORANDUM OPINION

WILLOCKS, Administrative Judge

¶1 THIS MATTER is before the Court on Defendants Law Office of Karin A. Bentz, P.C. and Karin A. Bentz (hereinafter collectively "Defendants") Motion to Disqualify Counsel and Stay Proceedings filed on January 25, 2018. The Plaintiff Julita Kishma de Leon (hereinafter "Plaintiff") filed an Opposition on February 14, 2018. On March 1, 2018, the Defendants filed a Reply. On June 6, 2019, and June 25, 2019, the Court held an evidentiary hearing on the Defendants' Motion.

## BACKGROUND[1]

¶2    This action was commenced on April 17, 2015, by the Plaintiff a former employee of the Defendants. (Compl. at 1.) The Plaintiff worked for the Law Office from January 2012 until November 20, 2014, when she resigned due to the Defendants withholding her pay. (*Id.*) The Plaintiff is represented by Attorney Lee J. Rohn (hereinafter "Attorney Rohn") of Lee J. Rohn & Associates. The Motion includes Karen R. Christensen who was formerly employed as a paralegal for the Defendants who now currently works for Attorney Rohn.

¶3    According to the Motion, on March 3, 2011, the Defendants hired Christensen as a paralegal. (Mot. at 1.) While working for the Defendants the Complaint in the above-captioned case was filed. (*Id.*) As a means to keep the matter confidential Christensen worked closely with the Defendants and was responsible for keeping the files off the server and on her private C drive. (*Id.*) Christensen was also responsible for calendaring all of the dates for the case, preparing initial drafts of all the pleadings, court filings, discovery production and communications between the parties. (*Id.* at 2.) Due to the matter involving a former employee, it was not treated as a traditional case of the firm. (*Id.* at 2.) Rather, the Defendants decided to screen the staff from the matter in order to maintain the morale in the office. (*Id.*) As a result, Christensen was the Defendants only legal support. (*Id.*) Christensen and the Defendants had strategy and settlement discussions about the case as well as reviewed the Defendants' legal theories. (*Id.*) Christensen was also privy to information not accessible through discovery. (*Id.*) She had access to the Defendants' financial information and was an eyewitness to many of the events that occurred in 2014, that the Plaintiff included in the Complaint. (*Id.*) Such as, the sever crash that is believed to have been caused by the Plaintiff and the theft of Plaintiff's contract from the Defendant's office. (*Id.*)

---

[1] The facts presented are those that are relevant to the current Motion.

¶4      On May 16, 2017, Christensen was placed on suspicion due to insubordination and verbally harassing her superior in-front of other co-workers. (*Id.*) Due to Christensen being suspended her computer access was also barred. (*Id.*) Nonetheless, Christensen attempted to access the server by contacting the IT Department after hours and demanding access. (*Id.*) Consequently, Christensen was terminated for attempting to gain unauthorized access to the server. (*Id.*)

¶5      On January 16, 2018, Attorney Rohn filed a Notice of Appearance (hereinafter "Notice"). The Defendant's received the Notice via mail and email from Christensen who had also signed the Certificate of Service. Thus, prompting the Defendants to file the present Motion.

## DISCUSSION

¶6      The Defendants claim that Christensen a former paralegal for their firm and now employed by Lee J. Rohn & Associates was privy to highly confidential information pertaining to the present case therefore a conflict in interest exists now that she works for Attorney Rohn. Thus, Attorney Rohn and Lee J. Rohn & Associates should be disqualified from representing the Plaintiff. (Mot. at 3.)

¶7      Conversely, the Plaintiff's claim that the Defendants' Motion to disqualify is unsupported by any evidence. (Opp'n. at 2.) Therefore, the Defendants have failed to meet the heavy burden required to prevail on such a claim. (*Id.*)

**Legal Standard**

¶8      "The underlying principle in considering motions to disqualify counsel is safeguarding the integrity of the court proceedings; the purpose of granting such motions is to eliminate the threat that the litigation will be tainted."[2] "Disqualification issues must be decided on a case

---

[2] *Nicholas v. Grapetree Shores, Inc.*, 2013 U.S. Dist. LEXIS 42717 at *12 (D.V.I. 2013) (citing *Lamb v. Pralex Corp.*, 333 F. Supp. 2d 361, 363 (D.V.I. July 12, 2004)); *See Powell v. Alabama*, 287 U.S. 45, 53 (S. Ct. 1932).

by case basis and the party seeking disqualification of opposing counsel bears the burden of clearly showing that the continued representation would be impermissible."[3]

¶9        "A motion to disqualify counsel requires the court to balance the right of a party to retain counsel of his choice and the substantial hardship which might result from disqualification as against the public perception of and the public trust in the judicial system."[4] "Because motions to disqualify seek to deprive the opposing party of their counsel of choice, and may be motivated by tactical concerns, they are viewed with disfavor and disqualification is considered a drastic measure which courts should hesitate to impose except when absolutely necessary."[5]

¶10        Rule 211.5.3, of the Virgin Islands Rules of Professional Conduct, provides that:

> [w]ith respect to a nonlawyer employed or retained by or associated with a lawyer: **(a)** a partner, and a lawyer who individually or together with other lawyers possesses comparable managerial authority in a law firm shall make reasonable efforts to ensure that the firm has in effect measures giving reasonable assurance that the person's conduct is compatible with the professional obligations of the lawyer; **(b)** a lawyer having direct supervisory authority over the nonlawyer shall make reasonable efforts to ensure that the person's conduct is compatible with the professional obligations of the lawyer.
> . . .[6]

¶11        Although the Virgin Islands Supreme Court has elected to adopt the Virgin Islands Rules of Professional Conduct, Rule 211.5.3 is identical to Rule 5.3 of the ABA Model Rules of Professional Conduct. Pursuant to Rule 5.3, courts have held that supervising attorneys have a duty to ensure that non-lawyers, including paralegals and secretaries, abide by professional obligations.[7] Therefore, a trial court has the authority

---

[3] *Id.*

[4] *Nicholas*, 2013 U.S. Dist. LEXIS at *12; citing *Lamb v. Pralex Corp.*, 333 F. Supp. 2d 361, 363 (D.V.I. 2004).

[5] *Hamed v. Yusuf*, 69 V.I. 221, 224 (V.I. Super. Ct. March 14, 2018) (citing *Nicholas*, 2013 U.S. Dist. LEXIS at *12) (internal quotations omitted).

[6] V.I.S. Ct. R. Rule 211.5.3.

[7] *Lamb v. Pralex Corp.*, 333 F. Supp. 2d 364; (citing *Smart Industries Corp. Mfg. v. Superior Court in and for the County of Yuma*, 179 Ariz. 141, 146 (App. 1994)).

to disqualify counsel due to the conduct of a non-lawyer employee that does not comport with the lawyer's ethical obligations.[8] And, "such disqualification may be imputed on the entire law firm."[9]

¶12    The ABA's Standing Committee on Ethics and Professional Responsibility (hereinafter "Ethics Committee"), held that a law firm that hires a paralegal formerly employed by another law firm may continue to represent clients who have a conflict in interests with clients of the former employer on matters the paralegal has worked, long as the employing firm screens the paralegal, and no information relating to the clients is revealed to the employing firm.[10] According to the Ethics Committee, non-lawyer employees' ability to have mobility in employment opportunities should be protected just as the interest of the clients.[11] Therefore, "restrictions on nonlawyer's employment should be held to the minimum necessary to protect confidentiality of client information."[12]

¶13    When considering a motion to disqualify due to a non-lawyer's previous employment, the Court must first determine whether the non-lawyer was privy to confidential information from the previous employer.[13] If the non-lawyer was privy to confidential information "a rebuttable presumption arises that the information will be disclosed to the new employer."[14] "The burden then shifts to the firm opposing

---

[8] *Id.*

[9] *Lamb v. Pralex Corp.*, 333 F. Supp. 2d 364; (citing *Leibowitz v. The Eighth Judicial District Court of the State of Nevada*, 119 Nev. 523, 534 (Nev. 2003)).

[10] *Informal Opinion 88-1526 BNA Lawyers' Manual on Professional Conduct 901:318 (June 22, 1988).*

[11] *Id.*

[12] *Id.*

[13] *De la Cruz v. V.I. Water & Power Auth.*, 597 Fed. Appx. 83, 89 (3d Cir. 2014) (citing *Lamb v. Pralex Corp.*, 333 F. Supp. 2d 364).

[14] *Id.*

disqualification to show that no disclosure of confidential information has occurred."[15]

"Evidence of formal screening mechanisms can be helpful in meeting this burden."[16]

¶14    Here, the Defendants claim that Christensen worked closely with them on the present case and in an effort to keep the matter private from the other employees Christensen maintained the electric file on her C drive and the hard file in her office. Christensen was also responsible for calendaring all of the dates, drafting the initial pleadings, court filings, and discovery. In support of this claim, the Defendants included an email from Christensen stating that she drafted pleadings pertaining to the case, which was kept on her C drive. (Def.'s Reply at 3.) The Defendants also claim that because they wanted to keep the matter private Christensen became the Defendants only legal support. As a result, the Defendants and Christensen had many strategy and settlement discussions about the case as well as reviewed the Defendant's legal theories.

¶15    However, in Christensen's Affirmation provided by the Plaintiff, she claims that the hard file for the case was kept in the Defendants' office and not in her office. (Affirm. ¶4.) Christensen did confirm that she kept all of the court-filed documents on her C drive but that there were no confidential documents maintained on the C drive. (*Id.*) Moreover, Christensen stated that she does not recall preparing any discovery and that she never had any strategy or settlement discussions with the Defendants about the case. (Affirm. ¶¶4,9.) According to the Affirmation, Christensen only completed secretarial work on the case and was not privy to any of the Defendants' legal theories. (Affirm. ¶¶9,10.) She also acknowledged drafting the Answer, affirmative defenses, and counterclaims for the case but only included what the Defendants told her to. (Affirm. ¶5.)

---

[15] *Id.*
[16] *Id.*

¶16     Based on the evidence presented the Court finds that Christensen was exposed to confidential information while employed with the Defendants. Both Christensen and the Defendants acknowledged that efforts were made to keep the matter private from the rest of the staff and that Christensen was responsible for the filings pertaining to the case and maintaining the filings on her private C drive, separate from the firm's other cases. Thus, it is reasonable to conclude that Christensen did handle confidential information and that the Defendants entrusted her with matters involving the case while screening the rest of the staff. Therefore, a rebuttable presumption does exist that the information will be disclosed.

¶17     In rebutting this presumption, counsel for the Plaintiff claims that Christensen has been screened since becoming employed by Lee J. Rohn & Associates. Attorney Rohn presented evidence that Christensen is prevented from accessing the physical or electronic file of the case. (Opp'n. at 17.) And, that Christensen works out of the firm's St. Thomas office while the physical file is located in St. Croix where Attorney Rohn primarily works. (*Id.*)

¶18     Nevertheless, both parties acknowledge that Christensen did mail and email the Notice, which she signed to the Defendants. The Defendants claim that this is evidence that Christensen has not been properly screened. Plaintiff's counsel argues that Christensen simply sent a courtesy copy of a public document, which does not meet the heavy burden placed on the Defendants.

¶19     However, Plaintiff's counsel has incorrectly stated the standard, as the burden is on the firm opposing disqualification to show "that the practical effects of formal screening has been achieved and that the employee has not and will not have any

involvement with the litigation or any communication concerning the litigation."[17] In this jurisdiction, it is commonly referred to as the erection of a "Chinese Wall".[18]

¶20     Here, it is clear from the undisputed evidence that Attorney Rohn's efforts to screen were unsuccessful. Given that Christensen undeniable took part in the litigation by signing and sending the Defendants a copy of the Notice. The fact that she only sent the Defendants a public document is irrelevant because the standard requires that the employee is prevented from any involvement or communication concerning the litigation. Thus, the screening efforts attempted by Attorney Rohn were ineffective.

## CONCLUSION

¶21     Given, the foregoing reasons the Court finds that Plaintiff's counsel has unsuccessfully rebutted the presumption of improper disclosure. Therefore, disqualification is warranted, and the Defendants' Motion shall be granted. An Order consistent with this Memorandum Opinion shall follow.

DONE and so ORDERED this ___18th___ day of February 2020.

**ATTEST:**
Tamara Charles,
Clerk of the Court
By: _____
/Court Clerk Supervisor

Dated: ___2/18/2020___

HAROLD W.L. WILLOCKS
**Presiding Judge of the Superior Court**

---

[17] *Lamb v. Pralex Corp.*, 333 F. Supp. 2d 364.

[18] *See Freeman v. Hess Oil Virgin Islands Corp.*, 2002 V.I. 50 at *12-13 (V.I. Super. Ct. May 9, 2002). ("In general, the use of "Chinese Wall" as a screening mechanism for lawyers who move between private law firms are disfavored because of the difficulty in monitoring the effectiveness of the screening, the risk that the new lawyer may make inadvertent disclosures, the possibility that proving an abuse of confidentiality might result in the disclosure of confidences sought to be protected, the economic incentive of the lawyer to disclose confidence of the opposing client, and the need to apply a brightline rule in determining when a law firm should be disqualified.") (internal quotations and citation omitted.)